IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERROL MEDINA,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-3300** |
| : | |
| **JEFFREY REICH,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                          **OCTOBER 31, 2022**

Plaintiff Errol Medina, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights with respect to the removal of his children from his care and custody on or about September 18, 2018. Currently before the Court are Medina's Amended Complaint (ECF No. 5) and a Supplement to the Amended Complaint (ECF No. 6). For the following reasons, the Court will dismiss Medina's Amended Complaint, and the Supplement, in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Medina fails to state a claim.

**I.     PROCEDURAL HISTORY & FACTUAL ALLEGATIONS**[1]

On May 13, 2021, Medina initiated this action in the United States District Court of the Middle District of Pennsylvania "by lodging a sparse complaint that did not identify where the complained of events occurred" but "simply alleged that 'the Defendant violated the Plaintiff's 14th Amend Rights under the color of law." *Medina v. Riech*, No. 21-0881, 2022 WL 3486762, at *1 (M.D. Pa. Aug. 17, 2022 (quoting Medina's initial Complaint)). The Middle District granted Medina leave to proceed *in forma pauperis*, screened his Complaint pursuant to § 1915(e)(2),

---

[1]     The facts set forth in this Memorandum are taken from Medina's Amended Complaint and the Supplement thereto.

determined that Medina failed to state a claim, and permitted him to file an amended complaint. *Id.* Medina filed an Amended Complaint (ECF No. 5) and a Supplement (ECF No. 6) on February 1, 2022. Upon review of Medina's Amended Complaint and the Supplement, the Middle District found that "[a]ll named Defendants . . . [were] located in the Eastern District of Pennsylvania, and all events giving rise to [Medina's] claims occurred in the Eastern District of Pennsylvania." *Medina*, 2022 WL 3486762, at *2. Because Medina failed to "allege facts that would give rise to venue in the Middle District of Pennsylvania[,]" the court directed that the case be transferred to this District for all further proceedings. *Id.* at *2-*3. At this time, Medina's Amended Complaint and the Supplement[2] are subject to screening pursuant to § 1915(e)(2).

Medina's Amended Complaint alludes to state-court proceedings that resulted in the removal of his minor children from his custody. Medina named the following Defendants: (1) Jeffrey Riech, Lancaster County Court of Common Pleas Judge; (2) Rebecca Chevraunt, a lawyer representing the grandparents of Medina's children; (3) George Graybill, the grandfather of Medina's children; (4) Mary Graybill, the grandmother of Medina's children; (5) Michael Pyle, Principal at Baron Elementary School; (6) Joel Yanello, an employee of Lancaster County Children and Youth Services; (7) Lancaster County; and (8) the Manheim Central School District. (Am. Compl. at 2-4; Supp. at 1.) Medina alleges on or about September 18, 2018, his "children were taken for up to 4" years and that they are still not in his custody. (Am. Compl. at 6.) Medina claims that "Riech, Chevraunt, Michael Pyle, George & Mary Graybill, acted in concert to take . . . [Medina's] children by withholding them[.]" (*Id.* at 5.) He further claims that these Defendants "conspire[ed] with each other to subvert and misuse the court system by knowingly offering and

---

[2] Throughout the remainder of this Memorandum, the Court will refer to the Amended Complaint and the Supplement solely as the Amended Complaint.

accepting perjured testimony." (*Id.*) Medina contends that George and Mary Graybill hired Chevraunt "to legalize the abduction of [his] children" allegedly based in part on Chevraunt's "relationship with Judge Riech" and her ability to "influence Judge Riech via ex parte communications[.]" (*Id.*)

Medina's Amended Complaint does not provide much detail regarding the removal of his children. He does, however, allege that the court order granting custody of the children to George and Mary Graybill was apparently the result of an incident at the children's school, Barton Elementary, involving the Principal, Defendant Michael Pyle. (*Id.*) Medina asserts that Pyle "refused to give the children to the parents" and then "lock[ed] the school down and made a phone call," which ultimately led to the court order granting custody to the Graybills. (*Id.*) Medina further asserts that there "was no CYS emergency petition" seeking to remove the children, and that Defendants "Joel Yanello [and] CYS denied" Medina his "due process rights by failing to treat" him "equally" to the Graybills. (*Id.*)

Based on the circumstances surrounding the removal of his children from his care and custody, Medina now brings this action alleging that Defendants violated his rights under the Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments. (*Id.* at 4.) Medina seeks $25 million in punitive damages from each Defendant, an award of legal fees, and for the Court to order the return of his children. (*Id.* at 6.) He also requests a criminal investigation be opened against Defendants for violating his civil rights, filing false statements, and perjury. (*Id.*)

## II. STANDARD OF REVIEW

Before this case was transferred, the Middle District granted Medina leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss Medina's Amended Complaint if, among other things, it fails to state a claim. Whether a complaint fails to

state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds . . . when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Medina is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Medina's Amended Complaint asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Federal civil rights claims under § 1983 are subject to the state statute of limitations for personal

injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524.

A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

It appears from the face of the Amended Complaint that all of Medina's claims regarding the removal of his children, which he seeks to bring pursuant to § 1983, are barred by the statute of limitations. Medina specifically challenges the court order issued on or about September 18, 2018, which granted custody of the children to George and Mary Graybill and authorized the removal of the children from Medina's care. (Am. Compl. at 5.) All of Medina's additional allegations stem from that initial order, the removal of his children, and the related state court dependency proceeding which were initiated in September of 2018. (Am. Compl. at 4-6.)

Because the Amended Complaint makes clear that Medina knew, on or about September 18, 2018, that his children were initially removed from his care and placed into the custody of George and Mary Graybill at that time, his claims related to their removal must have been raised by September 18, 2020. (Am. Compl. at 5-6); *see Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) ("Bennett's cause of action for all claims accrued at the time of the alleged unlawful seizure and withholding of her two minor children on November 18,

2009") (footnote omitted). In this instance, because Medina did not file his initial Complaint in the Middle District of Pennsylvania until May 13, 2021, and because the pleadings do not reflect a basis for tolling, his claims based on the September 18, 2018 removal of his children[3] and the related state court proceedings are time-barred. Accordingly, Medina's claims under § 1983 must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As it appears that any attempt to amend his claims would be futile, the Court will dismiss the Amended Complaint with prejudice.[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir.

---

[3] Medina asserts that his "children were taken for up [to] 4 yrs and still ongoing[.]" (Am. Compl. at 6.) The allegation that the removal remains "ongoing" because his children have not been returned to his custody is insufficient to save Medina's untimely claims under the continuing violation doctrine because he was aware of his injuries at the time they occurred. *See Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014).

[4] Moreover, even if Medina's claims were not barred by the statute of limitations, several of the Defendants he names in this action are either immune from liability under § 1983 or are not considered state actors for purposes of the statute.

For example, with respect to Defendant Jeffrey Riech, a Judge of the Lancaster County Court of Common Pleas, the only allegations against Riech arise from judicial determinations he made in the underlying family court proceeding that granted custody of the children to George and Mary Graybill and removed them from Medina's care, and there is no allegation that Judge Riech acted in the absence of jurisdiction. Accordingly, Judge Riech is entitled to absolute immunity in these circumstances. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*); *see also Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) (recognizing that a family court judge who presided over state court proceeding to terminate plaintiff's parental rights was entitled to absolute immunity from liability in plaintiff's § 1983 action); *Prater v. City of Philadelphia Family Court*, 569 F. App'x 76, 79 (3d Cir. 2014) (finding that family court judges in the City of Philadelphia were entitled to judicial immunity in a father's subsequent § 1983 action based on actions undertaken in their judicial capacity in proceedings for custody and termination of father's parental rights). Similarly, Defendant Joel Yanello, an employee of Lancaster County Children and Youth Services, is also entitled to absolute immunity from Medina's claims. *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 262-65 (3d Cir. 2013) (observing that "'child welfare workers and attorneys who prosecute dependency proceedings on behalf of the state . . . absolute[ly] immun[e] from suit for all of their actions in preparing for and prosecuting such dependency proceedings" (citing *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 488-89 (3d Cir. 1997))).

With respect to Defendants George and Mary Graybill, the grandparents of Medina's children, the Amended Complaint makes clear that these Defendants are private individuals who

2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile").

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Medina leave to proceed *in forma pauperis* and dismiss his Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

were not acting under color of state law, a prerequisite under § 1983. Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Although the Graybills were awarded custody of the children by the state court, that fact alone does not render them state actors under § 1983. *Cf. Leshko*, 423 F.3d at 347 (foster parents were not exercising a traditionally exclusive public function and were not state actors despite contractual relationship with social services agency); *see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (affirming dismissal of § 1983 claims against grandmother who initiated child services investigation resulting in mother's loss of custody of the children and placement of the children with grandmother on the basis that she was not a state actor). Similarly, Rebecca Chevraunt, the private attorney representing the Graybills in the underlying custody proceeding is also not considered a state actor. *Cf. Davis v. Self*, 960 F. Supp. 2d 1276, 1308 (N.D. Ala. 2013), *aff'd*, 547 F. App'x 927 (11th Cir. 2013) (finding that "private attorneys acting on behalf of their client . . . who [was] a private citizen" involved in a custody dispute, was not a state actor for purposes of § 1983).